USCA1 Opinion

 

 [NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1521

 UNITED STATES,

 Appellee,

 v.

 JESUS MARTINEZ,

 Defendant, Appellant.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF RHODE ISLAND

 [Hon. Mary M. Lisi, U.S. District Judge]

 Before

 Boudin, Stahl and Lynch,
 Circuit Judges.
 
 
 
 
 
 Michael J. Lepizzera, Jr. on brief for appellant.
 Margaret E. Curran, United States Attorney, Donald C. Lockhart 
and Zechariah Chafee, Assistant United States Attorneys, on brief
for appellee.

February 25, 2000

 
 
 
 Per Curiam. Jesus Martinez appeals from his sentence
 on two grounds: 1) that the district court erred in finding, on
 the basis of the government's evidence, that the substance
 involved in his offense was "crack," as that term is defined by
 the sentencing guidelines, and 2) that the district court erred
 in denying defendant's request for a downward departure,
 pursuant to U.S.S.G. 4A1.3, from the career-offender
 guideline sentencing range.
 I. Proof that Contraband was "Crack"
 To meet its burden of proving that the substance
 involved in Martinez' offense was "crack," as that term is
 defined by the sentencing guidelines, the government introduced
 a toxicology report identifying the substance as cocaine base
 and testimony by a narcotics investigator with the Providence
 Police Department's Special Investigations Bureau, identifying
 it as crack. Martinez' argument on appeal that the
 government's evidence was insufficient is foreclosed by this
 court's recent decisions rejecting similar challenges. See
 United States v. Ferreras, 192 F.3d 5, 189 (1st Cir. 1999),
 cert. denied, __ U.S. __, 120 S. Ct. 969 (2000); United States
 v. Martinez, 144 F.3d 189,190 (1st Cir. 1998); United States v.
 Robinson, 144 F.3d 104, 109 (1st Cir. 1998).
 II. Denial of Downward Departure
 The government argues that the district court's
 decision not to depart from the career-offender guideline
 sentencing range was a discretionary decision and, as such, is
 not reviewable. We agree. See United States v. Rizzo, 121
 F.3d 794, 798 (1st Cir. 1997). The district court expressly
 acknowledged its authority to "invoke 4A1.3 to depart
 downward from the career-offender category if it concludes that
 the category inaccurately reflects the defendant's actual
 criminal history within the meaning of 3553(b)." United
 States v. Lindia, 82 F.3d 1154, 1165 (1st Cir. 1996). Based
 upon a thorough review of the entire record, we conclude that
 the denial of Martinez' departure request represented the
 district court's discretionary decision that the career-
 offender category did not over-represent the seriousness of
 Martinez' criminal history.
 Martinez' sentence is affirmed. See Loc. R. 27(c).